# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVID GONSALVES JR., <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT ANTELOPE VALLEY, et al., <br><br> Respondents. | Case No. 1:24-cv-00516-EPG-HC <br><br> ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner Anthony David Gonsalves Jr. is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently incarcerated at California State Prison Solano in Vacaville, California. (ECF No. 1 at 1.[1]) On April 22, 2024, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of California. (ECF No. 1.) On April 30, 2024, the petition was transferred to this Court. (ECF Nos. 2, 3.)

In the petition, Petitioner appears to challenge his conviction and sentence in case number MA4684-01 and states that the location of the sentencing court is the Antelope Valley Courthouse in Lancaster, California. (ECF No. 1 at 2.) When a state prisoner files a habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1   either the judicial district in which the petitioner is presently confined or the judicial district in
2   which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S.
3   426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d
4   329 (1961)). Petitions challenging the execution of a sentence are preferably heard in the district
5   where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).
6   Petitions challenging convictions or sentences are preferably heard in the district of conviction.
7   See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

8   Section 2241 states that a district court, "in the exercise of its discretion and in
9   furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing
10  and determination. 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1404(a) (court may transfer any
11  civil action "to any other district or division where it might have been brought" for convenience
12  of parties or "in the interest of justice"). "Under the law of the case doctrine, the transferee court
13  should not revisit the transferor court's characterization of the petition unless that
14  characterization was 'clearly erroneous' or would result in 'manifest injustice.'" Muth v.
15  Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (citing Christianson v. Colt Indus. Operating Corp.,
16  486 U.S. 800, 817 & n.5 (1988)).

17  Here, the Southern District of California found that Petitioner's "conviction occurred in
18  Kern County," and Petitioner "is in custody in Riverside County." (ECF No. 2-1 at 2.) However,
19  the Antelope Valley Courthouse in Lancaster, California is one of the locations of the Los
20  Angeles County Superior Court. See Courthouses, The Superior Court of California, County of
21  Los Angeles, https://www.lacourt.org/courthouse/info/atp (last visited May 17, 2024). Further,
22  Petitioner is currently incarcerated at California State Prison Solano in Solano County, which is
23  part of the Sacramento Division of the United States District Court for the Eastern District of
24  California. See L.R. 120(d). Based on the foregoing, the Court finds that the Southern District of
25  California's characterization of the petition was erroneous. Petitioner appears to be challenging
26  his criminal conviction and sentence imposed by the Los Angeles County Superior Court, and
27  thus, the petition is preferably heard in the district of conviction, which is the Central District of
28  California. Therefore, this action will be transferred.

1  Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: **May 17, 2024**              /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3